848 F.2d 194
 RICO Bus.Disp.Guide 6936
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STATE OF MICHIGAN, DEPARTMENT OF TREASURY, REVENUE DIVISION,
Plaintiff- Appellant,
v.
Jerry FAWAZ d/b/a West Seven Mile Service and Froggy's
Fill-Up, Inc., Defendants-Appellees.
 No. 86-1809.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 The State of Michigan appeals from an order of the district court granting the motion of defendant Jerry Fawaz to dismiss the complaint for failure to state a claim upon which relief can be granted. See Michigan Dep't of Treasury v. Fawaz, 653 F.Supp. 141 (E.D.Mich.1986). The complaint was based upon 18 U.S.C. Sec. 1964(c), the treble damages private civil remedy section of the Racketeer Influenced and Corrupt Organizations Act (RICO).
 
 
 2
 According to the complaint, during calendar year 1982, Fawaz, who operated a number of gasoline stations, mailed to the state monthly sales tax returns which underreported his gross income by $6,000,000, with the result that he underpaid his sales tax liability by $240,000. The state sought treble damages of $720,000.
 
 
 3
 Prior to the filing of this case, Fawaz was convicted in state court of failing to pay these same taxes and, as part of the court's sentencing order, was fined, placed on probation, and ordered to make restitution to the state of the unpaid taxes, plus interest, at the rate of at least $5,000 per month. It is conceded that Fawaz has been abiding by this restitution order.
 
 
 4
 When a person associated with an enterprise engaged in interstate commerce conducts the enterprise's affairs through a pattern of racketeering activity, 18 U.S.C. Sec. 1962 is violated. The state argued that the gasoline stations constituted an enterprise as defined in 18 U.S.C. Sec. 1961(4); that the mailing of false tax returns constituted mail fraud, which is listed as a racketeering activity in 18 U.S.C. Sec. 1961(1); and that the repeated mailings over the one-year period amounted to a pattern of racketeering activity. Under 18 U.S.C. Sec. 1964(c), a person who is injured in his business or property by a violation of 18 U.S.C. Sec. 1962 may recover treble damages. The state contended that, within the contemplation of the statute, it was a "person" who had been "injured" by Fawaz's failure to pay sales taxes.
 
 
 5
 We are unable to agree with the district court's conclusion that the state was not a "person" who could bring the action, that it lacked standing. In view of repeated admonitions by the Supreme Court to liberally construe the civil remedies portions of RICO (see, e.g., Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497-99 (1985)), we are unable to say that a state is not an "entity capable of holding a legal or beneficial interest in property" and thus not a "person" within the contemplation of RICO. 18 U.S.C. Sec. 1961(3). See also Illinois Dep't of Revenue v. Phillips, 771 F.2d 312, 314 (7th Cir.1985); Alcorn County v. U.S. Interstate Supplies, 731 F.2d 1160, 1169 (5th Cir.1984).
 
 
 6
 Fawaz argued in the district court that the state should not be permitted to proceed against him civilly for treble damages since it already enjoyed an order of restitution and therefore could not demonstrate an injury in fact. Certainly, had the state proceeded against Fawaz in state court and obtained a judgment in the amount of unpaid taxes, it would be precluded from proceeding against him in federal court for treble damages since it would have elected and pursued to judgment another remedy. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984); St. Paul Fire & Marine Ins. Co. v. Michigan Nat'l Bank, 660 F.2d 196, 199 (6th Cir.1981); Rutter v. King, 57 Mich.App. 152, 226 N.W.2d 79 (1974). Although the order of restitution may not have the same preclusive effect as a judgment for purposes of considering the effect of an election of remedies, nevertheless, it would have a bearing on the state's ability to demonstrate that it has suffered an injury cognizable under RICO, especially if the order is complied with. However, we conclude that the district court's order must be affirmed for a more fundamental reason.
 
 
 7
 By enacting the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Secs. 1961-1968, Congress took aim at racketeering activity, providing criminal sanctions against those engaged in racketeering and affording those injured by that activity a private civil action to recover treble damages. Sedima, 473 U.S. at 481-83. The legislative history of the Act clearly demonstrates that, in enacting RICO, Congress intended to provide new weapons for an assault upon organized crime and its economic roots; to seek eradication of organized crime in the United States; to deal with criminals whose access to an economic base constitutes a serious threat to the economic well-being of the nation; to remove the corrupting influence of organized crime from the channels of commerce; and to deprive organized crime of its economic power by depriving it of its huge, illegal profits. Russello v. United States, 464 U.S. 16, 26-28 (1983).
 
 
 8
 Nothing of that sort was involved in this case. Fawaz repeatedly cheated on the sales taxes he owed the State of Michigan. The state's attorney general argues that Fawaz's conduct can be dissected and shoe-horned into the Act's component definitions so that, when reconstituted, his conduct amounts to racketeering activity and RICO applies. But, simply because a party, through hypertechnical parsing of a statute, points out that the statute conceivably applies to the facts of a case, does not require us to apply that statute where, to do so, would violate the clear intent of Congress. Under the circumstances of this case, for us to engage in such a tortured exercise of statutory construction would demean the intent of those in Congress who sought to address the serious threat posed to the country's economy by organized crime.
 
 
 9
 Because the State of Michigan has already brought Fawaz to account for his criminal conduct, it appears that the attorney general is asking us to designate the district courts as collection agencies for unpaid state taxes, presumably because he can there pursue treble damages. This, in the interest of comity, we dare not permit. If the attorney general wishes to avail himself of a civil remedy not now prescribed by state law when collecting unpaid state taxes, his desire should be brought to the attention Michigan's legislature.
 
 
 10
 The attorney general relies upon the opinion in Illinois Dep't of Revenue v. Phillips, 771 F.2d at 317, where the court of appeals, although expressing "doubts about the application of RICO" to circumstances quite similar to those in this case, nevertheless, could not "say that it does not come within the framework of the statute," and thus permitted the State of Illinois to pursue treble damages. In that case, it appears that the state's initial action against the defendant taxpayer was taken in the district court under RICO, whereas, in this case, the state initially proceeded against the taxpayer in the state criminal proceeding. Because our "doubts" have ripened into a conviction that RICO does not apply to the circumstances of this case, we are not persuaded to adopt the reasoning of that opinion.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.